IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MERCEDES CAPENER,<br><br>                    Plaintiff,<br>v.<br><br>JANET NAPOLITANO, Secretary of Department of Homeland Security; ALEJANDRO MAYORKAS, Director of United States Citizenship and Immigration Services; GERARD HEINAUER, Director, Nebraska Service Center; JEANNE KENT, Field Office Director of the Salt Lake Field Office of United States Citizenship and Immigration Services,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:11-CV-00601-DN<br><br>Judge David Nuffer |

Plaintiff Mercedes Capener (Capener) commenced this action against various government officials, each in his or her official capacity, seeking relief from the October 2007 denial of her Application to Register Permanent Residence or Adjust Status.[1] Defendants moved to dismiss[2] for failure to state a claim. After careful review of the motion, memoranda, and relevant legal authorities, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART, with leave to amend in accordance with this order.

**Introduction**

Capener's complaint alleges she meets the "statutory and regulatory requirements for legal permanent residence," but that her application for adjustment of status was denied.[3]

---

[1] Complaint, docket no. 1, filed June 28, 2011.

[2] Defendant's Motion to Dismiss, docket no. 11, filed Sept. 12, 2011.

[3] Complaint at 3.

Capener seeks relief from this denial under various provisions of the Administrative Procedure Act,[4] specifically 5 U.S.C. §§ 706(1), 706(2)(A), and 706(2)(C)-(D).[5] Government defendants have moved to dismiss each of Capener's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.[6]

## Analysis

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement showing that the pleader is entitled to relief."[7] When considering a motion to dismiss, the reviewing court first accepts the factual allegations in the complaint as true, and then decides whether those facts "state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] Additionally, when a 12(b)(6) motion presents matters outside the pleadings, as is the case in this motion,[9] such matters must either be excluded or the motion must be converted to one for summary judgment under Rule 56.[10] The additional materials presented in Defendants' motion are therefore excluded.

The complaint asserts that Capener meets the "statutory and regulatory requirements for legal permanent residence" but that her application for change of legal status to become a legal permanent resident "was denied based on an erroneous legal conclusion that [Capener] had made a false claim to citizenship for any purpose or benefit in violation of Immigration and Nationality

---

[4] 5 U.S.C. § 500 et seq. (2006).

[5] Complaint at 9.

[6] Defendant's Motion to Dismiss at 1.

[7] Fed. R. Civ. P. 8(a).

[8] *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (citation and quotation omitted).

[9] *See* Defendant's Motion to Dismiss Exs. 3-6, 8-10.

[10] Fed. R. Civ. P. 12(d).

Act (INA) § 212(a)(6)(C)(ii)."[11]  The complaint alleges that this denial violates several sections of the Administrative Procedure Act: 5 U.S.C. §§ 706(1), 706(2)(A), and 706(2)(C)-(D).[12]

Generally, section 706 governs the scope of judicial review of agency action.  Section 706(1) provides for relief when agency action has been "unlawfully withheld or unreasonably delayed."  Relief under this section is appropriate only where an agency has failed to act entirely.  Under that circumstance "a court may require an agency to take action upon a matter, without directing how it shall act."[13]  However "the clause does not purport to empower a court to substitute its discretion for that of an administrative agency."[14]  The complaint does not allege any ongoing failure of an agency to take a specific action, in fact it alleges the opposite—that the United States Citizenship and Immigration Services (USCIS) did take action on October 15, 2007—denying Capener's application.[15]  As such, the complaint fails to state a claim for relief under 5 U.S.C. § 706(1) and the motion to dismiss with respect to this claim is GRANTED.

Section 706(2)(A) allows for relief from "agency action, findings or conclusions" that are "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  This is the provision Plaintiff relies on in her opposition to the motion to dismiss.[16]  An agency's failure to follow its own precedent without explanation is arbitrary.[17]  The complaint alleges that the denial of Capener's application violated this section because the denial was "based on an erroneous legal conclusion that [Capener] made a false claim to citizenship for any

---

[11] Complaint at 2-3.

[12] *Id.* at 9.

[13] *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999).

[14] *Id.*

[15] Complaint at 2.

[16] Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss at 4, docket no. 16, filed October 28, 2011.

[17] *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 802-03 (5th Cir. 2007); *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 712 (6th Cir. 2004); *Hernandez v. Ashcroft*, 345 F.3d 824, 846 (9th Cir. 2003).

purpose or benefit in violation of [INA] § 212(a)(6)(C)(ii)."[18]  This statement together with the alleged fact—afforded a presumption of truth on this motion—that the decision was based on this legal conclusion,[19] are sufficient to state a claim for relief at the pleading stage.  Therefore the motion to dismiss with respect to this claim is DENIED.

Relief under section 706(2)(C) is appropriate where "agency action, findings, and conclusions" are found to be "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  The complaint does not allege that the USCIS exceed its statutory authority in making a determination on the adjustment of status; indeed, one of the forms of relief Capener seeks is for this court to "remand[] this matter to USCIS with instructions to grant [Capener's] adjustment application within thirty (30) days."[20]  As such, the motion to dismiss with respect to this claim is GRANTED.

Relief under section 706(2)(D) is appropriate where "agency action, findings, and conclusions" are found to be "without observance of procedure required by law."  The complaint does not allege any facts supporting any procedural inadequacies with respect to the denial of Capener's application.  As such, the motion to dismiss with respect to this claim is GRANTED.

Government defendants also seek to dismiss Capener's "First Cause of Action—Injunctive Relief."[21]  However injunctions are forms of relief, not independent causes of action,

---

[18] Complaint at 2.

[19] *Id.* at Ex. C, p. 2 ("Section 212(a)(6)(c)(ii) of the Act states in pertinent part, that: "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act (including section 274A(1324) or any other Federal or State law is inadmissible." CIS records reflect that on 07/12/2000 you were arrested by West Valley City Police Department for trying to obtain ID by presenting another person's U.S. Birth Certificate at Drivers License Division. On 07/19/2000, in 3rd District Court, Salt Lake City, UT you pled guilty to the charges of Falsify/Alter Government Records, which is a violation of a Title 76, Chapter 8, Section 511 of the Utah Code, Case # 001102590. . . . In view of the fact that you are inadmissible to the United States under the provisions of section 212(a)(6)(c)(ii) of the Act your application is hereby denied.").

[20] Complaint at 11.

[21] Defendant's Motion to Dismiss at 1; Complaint at 7.

therefore neither granting nor dismissing them is appropriate at the pleading stage. As such, the motion to dismiss with respect to injunctive relief is DENIED.

## Conclusion

In sum, the motion to dismiss claims based on 5 U.S.C. §§ 706(1) and 706(2)(C) & (D) is GRANTED, and the motion to dismiss the claim based on 5 U.S.C. § 706(2)(A) is DENIED. Plaintiff has leave to file an amended complaint within twenty-one days of this order and shall state the prayer for injunctive relief in her prayer for relief.

Dated May 30, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge